[Ament et al. *v.* Sarver et uxor.]

# Ament et al. *versus* Sarver et uxor.

1. In a case stated, whenever the evidence of the *facts* is given, instead of the *facts themselves*, the court will treat the case as in the nature of a demurrer to evidence, in which they may draw every inference against the party demurring, which a jury might reasonably draw.

2. Plaintiff was a widow, administratrix, and defendants, administrators, having the assets of the estate in their hands. Defendants agreed to give their notes to plaintiff, for her share, in consideration of which, she agreed to forbear the collection thereof for one year. *Held*, that this suspended her remedy in the Orphans' Court, and gave her a common law action in the Common Pleas.

ERROR to the Court of Common Pleas of *Westmoreland county*.

The questions to be determined, arose upon the following stated case :

"John George died intestate, leaving a widow, now the wife of Jonathan Sarver, the plaintiff. Letters of administration on his estate were granted to his widow, Phrena, now married to the plaintiff, and Jacob B. Ament and George Sherbondy, the defendants. The real estate of the said intestate, was sold by his administrators for the payment of debts. The administrators, to wit: Phrena George, Jacob B. Ament, and George Sherbondy, settled a joint administration account, which was confirmed 19th Nov. 1844, showing a balance in their hands of $950, arising from the sale of the real estate. A decree of distribution was made of this balance, by the Orphans' Court; two-thirds to the children, and the remaining one-third to remain in the hands of the administrators ; the interest thereon to be paid to the widow on the 19th November, in each year during her life, from the confirmation of the administration account.

" The following evidence of John George is made a part of the case : 'I was guardian of some of the children by the first wife. I was present at a settlement of John George's estate between the administrators; but about the time their account was settled in court, George Sherbondy, Jacob B. Ament, and Phrena George, were all present ; she wanted to know how she would get her money ; they said if she would wait on them a year, they would give her a note and good security. She agreed to do so. It was her share of $950 they were speaking of. They both agreed to give their notes.'

"This suit is brought to recover the interest on the one-third of the balance in the administrators' hands; to wit, $950, from the confirmation of the account, and decree thereon, till the bringing of this suit."

The court entered judgment on the stated case, in favor of the plaintiffs, the amount to be liquidated by the prothonotary.

The entry of the judgment for plaintiffs, is the error here complained of.

*Foster*, for plaintiffs in error, contended, that the Common Pleas had not jurisdiction of the case, but that it must be settled in the Orphans' Court, and referred to *McDevitt* v. *McDevitt*, 4 Watts, 384; *McFadden* v. *Hunt*, 5 W. & S. 471; *Simeon* v. *Albright*, 12 S. & R. 428.

*Coulter*, for defendants in error.

The opinion of the court was delivered October 20, 1852, by

LEWIS J.—In this case stated, the *evidence* of the facts is given, instead of the *facts themselves.* Whenever this is done, we must treat the case as in the nature of a demurrer to evidence, in which the court may draw every inference against the party demurring, which a jury might reasonably draw. Taking this view of the testimony of John George, in connection with the other facts stated, we have no difficulty in drawing the inference, that the defendants below, had the funds of the decedent's estate in their hands, including the share of the widow, and that in consideration that she would agree to forbear to enforce her claim, for the term of a year, they jointly promise to give her a note, and good security for the amount. There is sufficient consideration for the promise. The action may be sustained on it, and the Common Pleas have jurisdiction, notwithstanding the settlement of the administrators' account in the Orphans' Court. The agreement for a year's forbearance, placed the claim upon a new footing. It suspended her remedy in the Orphans' Court, and gave her a common law action in the Common Pleas, on which she might have recovered a judgment for the whole sum of $316.66⅔, with interest, from the 19th November, 1844, that being the amount for which they agreed to give their note, with security. Upon such a recovery, she would hold the principal sum in trust for the parties entitled at her death. But it is stated in the argument, that the action is brought to recover the *interest on that sum*, and we suppose that the court below *intended* to render a judgment for that amount only. If we knew how to impress upon the minds of counsel, the necessity of seeing that a final judgment is entered, before a writ of error is taken out, we would certainly make another effort. It is satisfactory to us to know the precise nature and extent of the judgment we are called upon to review; and it is natural that the parties themselves, should feel some interest in knowing how far their rights are conceded by an affirmance here.

But as the main question was argued without objection, we have disposed of it, without intending our action to be regarded as a precedent.

Judgment affirmed.